IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**JAMES MCCODE**,

        Petitioner,

v.                                          Case No. 5:13-cv-21542

**JOEL ZIEGLER, Warden,**
**FCI-Beckley**

        Respondent.

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Petitioner's *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 1), and Petitioner's Motion for Summary Judgment. (ECF No. 19). This case is assigned to the Honorable Irene C. Berger, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). As a preliminary matter, the undersigned notes that the record before the Court is well-developed and provides a sufficient basis upon which to resolve this case without the need for an evidentiary hearing.

For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the District Court **DENY** Petitioner's Motion for Summary Judgment; **DENY** Petitioner's Petition for a Writ of Habeas Corpus; and **DISMISS** this case from the docket of the Court.

I.     **Relevant Facts and Procedural History**

On October 19, 2006, a federal grand jury seated in the Eastern District of Pennsylvania returned a six-count superseding indictment, which in relevant part charged Petitioner James McCode ("McCode") with conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Count One); interference with interstate commerce by robbery and aiding and abetting, in violation of 18 U.S.C. § 1951(a) and (2) (Count Two); using and carrying a firearm during a crime of violence and aiding and abetting, in violation of 18 U.S.C. § 924 (c)(1) and (2) (Count Three); and two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1)(Counts Five and Six).[1] The first five counts of the indictment arose out of the armed robbery of a Philadelphia AutoZone store on July 18, 2006. Early that morning, McCode and a co-conspirator entered the store carrying firearms and wearing clothing designed to disguise their appearance. They ordered the store manager to remove money from the store safe while forcing another employee at gunpoint to lie face down on the floor. McCode and his co-conspirator stole $1,025, fled the scene, and met up with two other co-conspirators at a pre-arranged location.[2]

A few months after the robbery, on October 5, 2006, McCode was arrested during a scheduled meeting with his parole officer. Later that day, law enforcement agents went to McCode's residence to interview his girlfriend. While there, they located and seized two firearms allegedly belonging to McCode. These firearms formed the basis of Count Six of the indictment.

---

[1] Background information is taken from the memoranda supplied by both parties. See ECF No. 2; ECF No. 6; ECF No. 15.

[2] Factual information is also found in the written decision denying Petitioner's direct appeal. *See United States v. McCode,* 317 F. App'x 207, 209 (3d Cir. 2009).

Counts One, Two, and Three were tried before a jury in June 2007. On June 28, 2007, the jury found McCode guilty on all three counts. Following the guilty verdict, McCode pled guilty to Count Six, and the district court proceeded to trial on Count Five. The only additional evidence presented was the parties' stipulation that McCode had been previously convicted of a felony. The jury found McCode guilty of Count Five, as well. (ECF No. 15 at 2).

McCode's sentencing hearing was held on December 5, 2007. The district court imposed concurrent sentences of 195 months imprisonment for each of Counts One, Two, Five, and Six, and a statutory mandatory sentence of 84 months on Count Three, to run consecutively, for a total term of imprisonment of 279 months. Because McCode had four prior convictions for robbery in violation of Pennsylvania law, the sentences on Counts Five and Six were imposed under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924 (e).[3] The 84-month mandatory sentence under Count Three was imposed under 18 U.S.C. § 924(c), based upon the jury's finding that McCode used a firearm during and in relation to a crime of violence, and the sentencing court's determination that McCode brandished the firearm.

Subsequent to his sentencing, McCode appealed to the United States Court of Appeals for the Third Circuit ("Third Circuit"). In his appeal, McCode argued that (1) the facts establishing the application of the Armed Career Criminal Act should have been determined by the jury; and (2) the district court abused its discretion in declining to entirely sever Count Six from the remaining counts for purposes of trial. *United States v. McCode*, 317 F. App'x 207, 211-12 (3d Cir. 2009) (Petitioner "contends that Count Six

---

[3] Counts Five and Six required a mandatory minimum sentence of fifteen years of imprisonment under the ACCA sentencing guidelines. In addition, the ACCA enhanced the maximum sentence from a ten-year statutory maximum to a potential maximum sentence of life in prison.

- 3 -

should have been severed from the remaining counts at trial in accordance with Rule 14(a), Fed.R.Crim.P., to avoid unwarranted prejudice"). In an opinion filed on March 20, 2009, the Third Circuit denied these arguments and affirmed the judgment of the district court.

On April 9, 2009, McCode filed a motion to vacate, correct, or amend his sentence under 28 U.S.C. § 2255. (ECF No. 15 at 3). He subsequently amended his motion on May 14, 2009, and again on August 7, 2009. In his § 2255 motion, McCode argued that (1) the government failed to prove the effect of interstate commerce required by the Hobbs Act, (2) the sentence for the 924(c) count should not have run consecutively, and (3) the ACCA should not have applied because the predicate convictions were entered at the same time. Moreover, McCode argued that trial counsel was ineffective in respect to these issues. The district court denied McCode's motion on November 16, 2009, and the Third Circuit subsequently denied a certificate of appealability. (*Id.*).

McCode now brings a Petition f0r a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. McCode's Petition was originally filed with this Court on August 7, 2013 and included one ground in support of habeas relief. (ECF Nos. 1, 2). On October 29, 2013, McCode filed an Amended Memorandum in Support of Motion Pursuant to 28 U.S.C. § 2241, which included a second ground for relief. (ECF No. 6). The United States was ordered to respond to McCode's petition and amendment. The United States filed a memorandum in opposition to the relief sought by McCode on January 24, 2014, (ECF No. 15), to which McCode filed both an answer and a Motion for Summary Judgment. (ECF Nos. 18, 19). The United States subsequently filed a memorandum in opposition to McCode's Motion for Summary Judgment, (ECF No. 24), and McCode has since replied.

(ECF No. 25). Therefore, the issues have been thoroughly briefed.

## II. Petitioner's Claims

McCode asserts the following two grounds in support of his § 2241 habeas petition:

1. Recent decisions by the United States Supreme Court interpreting the ACCA invalidate the district court's finding that McCode is an armed career criminal subject to sentencing under the ACCA. (ECF No. 6 at 8-14).

2. In light of the United States Supreme Court's decision in *Alleyne v. United States*,[4] "[McCode] is sentenced for an offense that he was neither charged with or [sic] found guilty of at trial by a jury." (ECF No. 6 at 14).

McCode asks the Court to vacate his sentences and to resentence him without applying the ACCA sentencing guidelines and without the brandishing enhancement.

## III. Discussion

### A. Petitioner's ACCA Claim is not Cognizable Under Section 2241

As both McCode and the United States recognize, the first issue to be addressed is whether McCode's particular claim for habeas relief involving sentencing under the ACCA may be properly pursued through a Section 2241 petition. "Those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). In contrast, a Section 2241 habeas corpus petition is generally used by a prisoner to challenge the execution of his sentence, not the legality of his conviction or the imposition of his sentence. *Id.* The remedy under

---

[4] *Alleyne v. United States*, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013).

Section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under Section 2255.

However, in extremely limited circumstances, when a Section 2255 action proves "inadequate or ineffective," a prisoner may use a Section 2241 action to challenge an underlying conviction or sentence. 28 U.S.C. § 2255(e); *See Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) ("[I]t is only when § 2255 proves inadequate or ineffective to test the legality of detention, that a federal prisoner may pursue habeas relief under § 2241."); *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (In "limited circumstances, § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly that the prisoner may file a habeas petition under § 2241."). This exception to the general rule, called the "savings clause," is not triggered "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194, or because relief is unavailable due to gatekeeping provisions of Section 2255. *Young v. Conley*, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001). Instead, the savings clause is a narrow doorway through which a petitioner may pass when his claim contains all three of the following characteristics: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of the conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000); *see, also, In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997) (Third Circuit using the same test as the Fourth Circuit).

McCode contends that he is entitled to challenge his ACCA sentence enhancement under Section 2241 because he can "demonstrate that his situation fits the three prongs set out by the Third Circuit in *Dorsainvil*."[5] (ECF No. 6 at 3). McCode claims that at the time of his 2007 sentencing, his prior convictions were legally classified as violent felonies, that subsequently the law changed this classification in his favor, and now he "cannot meet the requirements to file a successive 2255." (ECF No. 6 at 3-7). Respondent essentially agrees with McCode's jurisdictional contention, conceding that, "as a theoretical matter, if a person suffered a sentence above a statutory maximum that is no longer appropriate in light of a new statutory interpretation, he may seek relief under Section 2241 if recourse to Section 2255 is not available." (ECF No. 15 at 4). Nevertheless, jurisdiction under the savings clause is limited by the language of 28 U.S.C. § 2255(e). *Williams v. Warden,* 713 F.3d 1332, 1340 (11th Cir. 2013) (collecting cases from various circuits). Accordingly, "a court may not accept the Government's concession of the savings clause's applicability ... [but] must satisfy itself of its own jurisdiction." *Surratt v. United States,* Case No. 3:12-cv-513, No. 3:04-cr-250-19, 2014 WL 2013328, at *5 (W.D.N.C. May 16, 2014) (citations omitted).

Here, McCode is unable to meet all three prongs of the jurisdictional test set out in *Jones* and *Dorsainvil,* and is therefore barred from challenging his sentence through a Section 2241 petition. While McCode clearly satisfies the first and third prongs, he simply cannot show that substantive law has changed since the filing of his direct appeal and § 2255 motion such that the conduct giving rise to his convictions in this case is no longer deemed criminal. McCode makes no claim that he is actually innocent of the

---

[5] *Dorsainvil* was actually decided prior to the Fourth Circuit decision in *In re Jones;* notably, both courts use identical language in laying out the test.

crimes that led to his convictions; rather, he claims that changes in the law have disqualified certain prior convictions that were used to enhance his sentence under the ACCA.

The Fourth Circuit has repeatedly stated that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction and not just innocence of a sentencing factor. *United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."); *see, also, Darden v. Stephens*, 426 F.App'x 173, 174 (4th Cir. 2011). In *Darden*, the Fourth Circuit considered a Section 2241 petition wherein a prisoner asserted that a recent Supreme Court decision rendered one of his prior convictions, which supported a sentencing enhancement, no longer a violent crime. The Fourth Circuit held that "the language in *Jones* ... refers only to the conduct of conviction" and declined to extend the reach of the savings clause to claims based on the "actual innocence" of an enhancement. *Id.* Most recently in *Farrow v. Revell,* the Fourth Circuit explicitly confirmed that a petitioner's "challenge to his armed career criminal status [was] not cognizable in a § 2241 petition." *Farrow v. Revell,* 541 F.App'x 327, 328 (4th Cir. 2013). Therefore, when applying the *Jones* test in accordance with the Fourth Circuit's rulings, the undersigned **FINDS** that McCode's claim related to his sentencing under the ACCA is not cognizable under 28 U.S.C. § 2241 and should be dismissed. *See Surratt,* 2014 WL 2013328, at *6-7.

Assuming for the sake of argument that the Fourth Circuit would decide in the future to expand the savings clause to allow petitions asserting claims based upon improperly enhanced sentences that are in excess of statutory maximums, as the Government and McCode propose, McCode would still not be entitled to relief under the

- 8 -

facts of this case.[6] McCode received two concurrent sentences of 195 months of imprisonment on two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). While the statutory maximum sentence for a violation of that provision is ten years imprisonment, McCode's sentences were enhanced on the basis of the ACCA. The ACCA, 18 U.S.C. § 924(e), requires a mandatory minimum sentence of fifteen years imprisonment and allows up to a maximum sentence of life in prison when a defendant, who is convicted of a firearm offense under 18 U.S.C. § 922(g), has three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C.A. § 924(e)(1). Section 924(e)(2)(B) defines a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another[7]; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. . . .

18 U.S.C.A. § 924(e)(2)(B)(ii) & (ii). McCode's status as an armed career criminal was based upon four previous state convictions for robbery in violation of 18 PA. C.S. § 3701(a)(1). He incurred all of these convictions by guilty pleas entered in 1996.

Section 3701(a)(1), as in effect in 1996, provided:

---

[6] Whether such a view of Section 2255(e) will be taken by the Fourth Circuit is unknown, although it is a matter of recent speculation. *See Surratt,* 2014 WL 2013328, at *7; *see, also, Hayes v. Ziegler,* Case No. 5:11-cv-00261, 2014 WL 670850, at *8 (S.D.W.Va. Feb. 20, 2014). At least one circuit has accepted the argument that the scope of Section 2255(e) can extend beyond a challenge to a conviction. *See Whiteside v. United States,* 748 F.3d 541, 547 n.4 (4th Cir. 2014) (citing *Bryant v. Warden*, 738 F.3d 1253 (11th Cir. 2013).

[7] This is the "elements" clause discussed subsequently.

- 9 -

(1) A person is guilty of robbery if, in the course of committing a theft, he:

(i) Inflicts serious bodily injury upon another;

(ii) Threatens another with or intentionally puts him in fear of immediate serious bodily injury:

(iii) Commits or threatens immediately to commit any felony of the first or second degree;

(iv) Inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury; or;

(v) Physically takes or removes property from the person of another by force however slight.

(ECF No. 15 at 5-6; ECF No. 6 at 10-13). McCode and the United States agree that at the time of McCode's 2007 sentencing, the prevailing view was that any violation of Section 3701(a)(1), regardless of which subsection was violated, constituted a violent felony for purposes of the ACCA. According to Third Circuit precedent, any conviction under section 3701(a)(1), "has as an *element* the use of force against the person of another," and thus was categorically a violent felony. *United States v. Cornish*, 103 F.3d 302, 309 (3d Cir. 1997). Cognizant of this well-established rule, the district court sentenced McCode under the ACCA without specifically identifying which subsection of 3701(a)(1) was violated by McCode in each of the four predicate convictions.

Subsequently, in *Johnson v. United States*, the United States Supreme Court held that in applying the "elements" clause of ACCA 924(e)(2)(B)(i) (specifying an offense that "has an element the use, attempted use, or threatened use of physical force against the person of another"), "the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140, 130 S. Ct. 1265, 1271, 176 L. Ed. 2d 1 (2010). In *Johnson*, the Court

examined a Florida statute that was satisfied by any intentional contact "no matter how slight." *Id.* The Supreme Court held that a conviction under this statute did not meet the ACCA element of physical force and thus did not constitute a violent felony for purposes of sentencing. McCode claims that the *Johnson* decision had the same effect on the Pennsylvania robbery statute, as some subsections of the Pennsylvania robbery statute no longer met the requisite "element" of physical force. (ECF No. 6 at 10-11).

When examining the Pennsylvania robbery statute in light of the *Johnson* decision, it seems apparent that subsections (i) ("inflicts serious bodily injury upon another"), (ii) ("threatens another with or intentionally puts him in fear of immediate or serious bodily injury"), and (iv) ("inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury"), all continue to qualify as violent felonies under the ACCA. Each of these subsections includes the use, attempted use, or threat of bodily injury. However, subsection (iii) ("commits or threatens immediately to commit any felony in the first or second degree"), and (v) ("physically takes or removes property from the persona of another by force however slight") may not be violent felonies under ACCA following *Johnson*. Consequently, in order to apply the ACCA after *Johnson*, a sentencing court must determine that a prior conviction under Pennsylvania's robbery statute was for a violation of a subsection that qualifies as a violent felony.

McCode contends that the current record is inadequate to sustain his sentence enhancement under the ACCA because the available documents do not establish which subsection of 18 PA. C.S. § 3701(a)(1) formed the basis of any of his four prior robbery convictions. McCode points out that under *Shepard v. United States,* 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), a sentencing court using the modified

- 11 -

categorical approach for the purposes of applying the ACCA, may only consider the charging document, the terms of a plea agreement, and the transcript of a plea colloquy to determine whether the defendant admitted the elements of a violent felony in a prior conviction entered on a guilty plea. (ECF No. 18 at 2-6). In his case, the record includes four guilty pleas that are entered on four bare-bones informations. The informations, which superseded criminal complaints as the charging documents, do not indicate the subsections of the statute that were allegedly violated, nor contain any details about the individual robberies. McCode's guilty pleas are similarly void of details, there are no written plea agreements, and the 1996 audio recording/transcript of his guilty plea colloquy no longer exists. (ECF No. 24 at 7). As a result, states McCode, the United States is unable to show that he was convicted of the requisite three violent felonies.

The United States responds that McCode's position is without merit given that he has incorrectly stated the burden of proof. The United States emphasizes that McCode did not raise this claim at sentencing, on direct appeal, or on a Section 2255 motion. Rather, he seeks habeas relief on a newly raised claim that he is innocent of a crime that led to a sentencing enhancement. Therefore, he bears the burden of proving his innocence. (ECF No. 24 at 10-14). According to the United States, the Government has no obligation to show that the robbery convictions were properly counted as violent felonies and the ACCA was accurately applied; instead, McCode bears the burden of showing that they were ***not*** violent felonies. Using this standard, the Court may consider all of the available evidence, not just *Shepard*-approved documents. When examining all of the available documents, including the criminal complaints, the record is clear that on four separate occasions at four specifically identified locations, McCode robbed four different individuals at gunpoint. (*Id.* at 13). Accordingly, McCode cannot

sustain his burden and is not entitled to habeas relief.

The undersigned **FINDS** that contrary to McCode's contention, the record does support the district court's conclusion that McCode was an armed career criminal subject to sentencing enhancement under the ACCA. McCode is correct that certain documents, such as "police reports or complaint applications," may not be relied upon by a sentencing court to determine whether a defendant has three prior violent felonies for sentencing under the ACCA because such documents are thought to lack "the conclusive significance of a prior judicial record." *Shepard,* 544 U.S. at 17, 25. However, both the Third Circuit and the Fourth Circuit have held that a sentencing court may rely upon the criminal record of the defendant as set out in a presentence report; particularly, when its accuracy is not challenged by the defendant. *See United States v. Watkins,* 54 F.3d 163, 166-67 (3d Cir. 1995) ("It is well established in this circuit, and all others, that a sentencing court may rely on the facts set forth in the presentence report when their accuracy is not challenged by the defendant."); *United States v. Thompson,* 421 F.3d 278, 285 (4th Cir. 2005) (The PSR "bears the earmarks of derivation from *Shepard*-approved sources such as the indictment and state-court judgments from [prior] convictions."); *United States v. Redd,* 372 F.App'x 413, 416 (4th Cir. 2010) ("a sentencing court is entitled to rely on the 'conclusive significance' of the record as set out in the presentence report.") (citations omitted); *United States v. Terry,* 916 F.2d 157, 162 (4th Cir. 1990) ("Without an affirmative showing the information is inaccurate, the court is 'free to adopt the findings of the [PSR] without more specific inquiry or explanation.'") (citations omitted).

McCode's presentence report, which includes a factual summary of the four prior robberies prepared from "court records," (ECF No. 17 at 9-11); his lack of objection to

the factual recitation contained in the presentence report, (*Id.* at 19); and the certified documents pertaining to the robbery convictions supplied by the Office of the Clerk of Court of Philadelphia County, Pennsylvania, (ECF Nos. 24-1, 24-2, 24-3, 24-4), taken as a whole, plainly establish that McCode had four prior violent felonies under the Pennsylvania robbery statute that qualified him for sentencing as an armed career criminal.[8] Therefore, regardless of which burden McCode must meet in this habeas proceeding, his first ground for relief clearly cannot succeed.

### B. McCode is not entitled to relief under *Alleyne v. United States*

McCode also challenges his enhanced sentence under 18 U.S.C. § 924(c) (Count Three) "based upon the Supreme Court's decision in *Alleyne v. United States*." (ECF No. 6 at 14). In this second ground for relief, McCode argues that in light of *Alleyne*, he is actually innocent of brandishing a firearm, which was behavior attributed to him by the sentencing court that increased his mandatory minimum sentence on Count Three from sixty to eighty-four months imprisonment.[9] In *Alleyne*, the Supreme Court held that any fact increasing the mandatory minimum penalty for an offense must be alleged in the indictment and proven beyond a reasonable doubt to a jury. *Alleyne v. United States*, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). As McCode notes, after the *Alleyne* decision,

---

[8] The presentence report states that on February 7, 1996, McCode threatened a victim in a grocery store at 810 South 47th Street in Philadelphia, produced a firearm, and robbed the victim of $100; on January 29, 1996, McCode threatened a victim at 808 South 47th Street in Philadelphia, produced a firearm, and stole $180; on August 22, 1995, McCode threatened a victim at 5605 Vine Street in Philadelphia, produced a firearm, and took $5,000, narcotics, and a security officer's gun; and on February 9, 1996, McCode threatened a victim at 400 Spruce Street in Philadelphia, produced a firearm, and robbed the victim of $150, five credit cards, and a MAC card. (ECF No. 17 at 9-11). As the Government emphasizes, the facts surrounding these robberies resulted in McCode receiving first degree felony convictions and netted him a sentence of eight to twenty years in prison.

[9] Section 924(c) provides a mandatory, and consecutive, term of five years of imprisonment upon conviction for using or carrying a firearm in the commission of a crime of violence. 18 U.S.C. § 924(c)(1)(A)(i). "[I]f the firearm is brandished," however, a defendant must be sentenced to a mandatory, consecutive seven-year term of imprisonment. § 924(c)(1)(A)(ii).

carrying a firearm during a crime of violence and brandishing a firearm are separate offenses, each of which must be charged and proven. McCode claims he was never charged, or convicted of the separate offense of brandishing a firearm in the commission of a crime; therefore, the sentence enhancement he received for brandishing a firearm must be reversed.

In order for McCode to benefit from the ruling in *Alleyne,* however, it must be applied retroactively to his sentence. *Alleyne* establishes a new rule of criminal procedure, rather than a substantive change in the law. *Harris v. United States*, Case No. 5:10–cv–01045, 2013 WL 4882227, (S.D.W.Va. Sept. 12, 2013). Generally, new rules of criminal procedure do not apply retroactively to cases on collateral review. *Teague v. Lane*, 489 U.S. 288, 303, 109 S.Ct. 1060, 1071, 103 L.Ed.2d 334 (1989) ("Unless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced.") While there are exceptions to this general rule, those exceptions do not apply in this case and need not be examined.[10]

This Court, and the Fourth Circuit, have clearly held that *Alleyne* does not apply retroactively on collateral review in cases similar to this one. *See United States v. Stewart*, 540 F.App'x 171 (4th Cir. 2013) ("We note that *Alleyne* has not been made retroactively applicable to cases on collateral review."); *See Gibson v. United States*, Case No. 1:11–cv-0024, 2014 WL 204198 (S.D.W.Va. Jan 17, 2014) (Noting the Fourth Circuit's decision in *U.S. v. Stewart* barred this Court from applying *Alleyne*

---

[10] *See Teague v. Lane*, 489 U.S. 288, 290, 109 S. Ct. 1060, 1064, 103 L. Ed. 2d 334 (1989) (Two exceptions are, "(1) if it places 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe', or (2) if it requires the observance of those "procedures that ... are implicit in the concept of ordered liberty. . . .'") (quoting Justice Harlan's in *Mackey v. United States*, 401 U.S. 667, 692, 91 S.Ct. 1160, 1180, 28 L.Ed.2d 404).

retroactively on collateral review). According to established precedent, *Alleyne* cannot be applied retroactively to petitions for collateral relief in this Court. Thus, the undersigned **FINDS** this ground for relief to be without merit.

The undersigned notes that even if McCode were permitted to proceed with his *Alleyne* claim, any error in the underlying proceedings would be harmless.[11] The Supreme Court has stated, "'the harmless-error doctrine recognizes the principle that the central purpose of a criminal trial is to decide the factual question of the defendant's guilt or innocence,' and promotes public respect for the criminal process by focusing on the underlying fairness of the trial rather than on the virtually inevitable presence of immaterial error." *Delaware v. Van Arsdall*, 475 U.S. 673, 681, 106 S. Ct. 1431, 1436, 89 L. Ed. 2d 674 (1986) (*quoting United States v. Nobles,* 422 U.S. 225, 230, 95 S.Ct. 2160, 2166, 45 L.Ed.2d 141 (1975). Moreover, the Supreme Court has concluded that the failure to submit a material element to the jury is subject to harmless error analysis. *See Neder v. United States*, 527 U.S. 1, 9, 119 S. Ct. 1827, 1833, 144 L. Ed. 2d 35 (1999) ("Unlike such defects as the complete deprivation of counsel or trial before a biased judge, an instruction that omits an element of the offense does not necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence.")

Here, McCode complains that the indictment did not charge him with brandishing, and the jury never convicted him of brandishing. The term "brandish" means "with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person,

---

[11] Fed. R. Crim P. 52(a) "Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."

regardless of whether the firearm is directly visible to that person." 18 U.S.C. § 924(c)(4). McCode is correct that the charge of brandishing was not expressly included in the indictment, presumably because brandishing was considered a sentencing factor in 2006. However, the grand jury included in the indictment the following factual account: "James McCode ordered an employee to lie face down at gunpoint." (ECF No. 15-6 at 4). Thus, while the indictment never explicitly contained the word "brandish," the narrative certainly described McCode engaged in the act of brandishing, and the undersigned agrees with the United States that if the grand jury "had been asked to include an allegation of brandishing in the related 924(c) count, it surely would have." (ECF No. 15 at 18). Upon reviewing the facts presented at trial, the Third Circuit concluded "McCode and a co-conspirator entered the store wearing clothing designed to disguise their faces; each was armed with a firearm. In the course of the robbery, the store manager was ordered to remove money from the store safe, while another employee was forced to lie face down at gunpoint." *United States v. McCode*, 317 F.App'x 207, 209 (3d Cir. 2009). This echoes the findings of the grand jury which stated "James McCode ordered an employee to lie face down at gunpoint." Without doubt, any factfinder would have reached the same conclusion as the sentencing court. The evidence record indicates that McCode did brandish a firearm in relation to a crime of violence. For these reasons, even under the hypothetical assumption that McCode could bring his *Alleyne* claim, he is not entitled to relief as any reasonable jurist would have concluded that he was guilty of brandishing his weapon. *See United States v. Baylor,* 537 F.App'x, 149, 165 (4th Cir. 2013) (where record as a whole demonstrates beyond a reasonable doubt that firearm was brandished, failure to present charge to the jury is harmless error).

## IV. Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** as follows**:**

1. Petitioner's Motion for Summary Judgment (ECF No. 19) be **DENIED**;
2. Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) be **DENIED**; and
3. That this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Berger and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner, Respondent, and counsel of record.

**FILED:** August 4, 2014

Cheryl A. Eifert
United States Magistrate Judge