**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

JAMES MCCODE,

                    Petitioner,

v.                                    CIVIL ACTION NO.   5:13-cv-21542

JOEL ZIEGLER,

                    Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Petitioner's *Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody* (Document 1) and the *Memorandum in Support of Motion Pursuant to Title 28 U.S.C. 2241* (Document 2) filed on August 7, 2013.   By *Standing Order* (Document 4) filed on August 20, 2013, this action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.   On August 4, 2014, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (PF&R) (Document 26), wherein it is recommended that this Court deny the Petitioner's § 2241 motion.   Objections to the Magistrate Judge's PF&R were originally due by August 21, 2014, but the Court granted the Petitioner's *Letter-Form Motion for Opportunity to Object to Report and Recommendations* (Document 31) by *Order* entered on September 15, 2014 (Document 34).   The Petitioner subsequently submitted his *Objections to the Magistrate's Proposed Findings and Recommendations* (Document 35) on September 23, 2014.

## I.     FACTUAL AND PROCEDURAL HISTORY

Magistrate Judge Eifert's PF&R sets forth in detail the procedural and factual history surrounding the Petitioner's motion.   The Court incorporates by reference those facts and procedural history, but in order to give context for the ruling herein, the Court provides the following summary.

In the early morning hours of July 18, 2006, an AutoZone store in Philadelphia, Pennsylvania, was the subject of an armed robbery.   Two males, one of whom was the Petitioner, entered the store carrying at least one firearm and wearing clothing designed to hide their identity. They ordered the store manager to remove money from the safe and ordered another employee, at gunpoint, to lie face down on the floor.   The armed robbery netted the perpetrators $1,025 in cash, and they quickly fled the scene.[1]   Several months later, the Petitioner was arrested when he appeared for a meeting with his parole officer.   Officers later recovered two firearms when they searched his residence following that arrest.

On October 19, 2006, a federal grand jury seated in the Eastern District of Pennsylvania returned a six-count[2] superseding indictment charging Petitioner McCode with various violations of federal law.   Specifically, he was charged with: (i) a violation of 18 U.S.C. § 1951(a), conspiracy to interfere with interstate commerce by robbery (Count One); (ii) a violation of 18 U.S.C. § 1951(a) and 18 U.S.C. § 2, interference with interstate commerce by robbery and aiding and abetting (Count Two); (iii) a violation of 18 U.S.C. 924(c)(1) and (2), using and carrying a

---

[1]        The Court notes that some of the co-conspirators were caught that day, while the Petitioner evaded arrest. Nonetheless, at least one of the co-conspirators implicated the Petitioner in the robbery.   An arrest warrant was issued for the Petitioner.

[2]        The two firearms seized following the Petitioner's arrest formed the basis of Count Six, and while there was a superseding indictment issued, "it did not charge, nor did the evidence reflect, that either firearm seized from McCode's residence on October 5, 2006 was used in the course of the July 18, 2006 [AutoZone] armed robbery." *U.S. v. McCode*, 317 F.App'x 207, 209 (3d. Cir. 2009).

2

firearm during a crime of violence and aiding and abetting (Count Three) and (iv) violations of 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon (Counts Five and Six).   A jury trial followed, and on June 28, 2007, the jury found McCode guilty on Counts One, Two, and Three.   Following this verdict, McCode pled guilty to Count Six.   Another jury trial took place with respect to Count Five, and the jury found him guilty of this count, as well.

Petitioner James McCode was sentenced on December 5, 2007, to one hundred ninety-five (195) months of imprisonment for Counts One, Two, Five, and Six, and a statutory mandatory sentence of eighty-four (84) months of imprisonment for Count Three, to run consecutively, for a total term of two hundred seventy-nine (279) months.   The eighty-four (84) month sentence on Count Three was imposed based on the jury's finding that Mr. McCode had used a firearm during and in relation to a crime of violence, and the sentencing judge's determination that he brandished a firearm during the AutoZone robbery.   Additionally, because the Petitioner had four prior convictions for robbery in violation of Pennsylvania law, the judge enhanced the sentences for Count Five and Six under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).

The ACCA enhancement was based on armed robbery convictions in and around Philadelphia.   The complaint in Case No. CP-51-CR-0712401-1996 alleged a robbery on or about August 22, 1995, where

> At 5606 Vine Street, in the course of committing a theft, [McCode] did threaten or intentionally put another in fear of serious bodily injury/bodily injury by approaching the complainant, Martin Abney, and producing a firearm, without a license to carry, and [took] $5,000 [United States Cash], narcotics, and a security officer's gun, defendant acted in concert with another/others.

(Document 15 at 8; see also Document 24-2 at 21.)

3

The complaint in Case No. CP-51-CR-0408751-1996 alleged a robbery on or about January 29, 1996, where

> At 808 S. 47th Street, in the course of committing a theft, [McCode] did threaten or intentionally put another in fear of serious bodily injury/bodily injury by approaching the complainant, Nick Lai, and producing a firearm, without a license to carry, and took $180 U.S.C.   Defendant acted in concert with another.

(Document 15 at 8; see also Document 24-3 at 23.)   The complaint in Case No. CP-51-CR-0611091-1996 also alleged a robbery on or about February 7, 1996, where

> At Fu Wuh Grocery, 810 S. 47th Street, in the course of committing a theft, [McCode] did threaten or intentionally put another in fear of serious bodily injury/bodily injury by approaching the complainant, Ken Lai, and producing a firearm, without a license to carry, and told the complainant to put the money in the bag, he didn't want to hurt him, and took $100 U.S.C.   Defendant acted in concert with another.

(Document 15 at 8-9.)   Further, the criminal complaint in Case No. CP-51-CR-0600271-1996 alleged a robbery on or about February 9, 1996, where

> At 400 Spruce Street, in the course of committing a theft, [McCode] did threaten or intentionally put another in fear of serious bodily injury/bodily injury by approaching the complainant, Arthur Kaplan, and producing a firearm, without a license to carry, and took $150 U.S.C., five credit cards and a [Money Access Center] card.   Defendant acted in concert with another/others.

(Document 15 at 9; see also Document 24-1 at 23.)   The above mentioned gunpoint robberies were allegedly committed in violation of 18 Pa. C.S. § 3701(a)(1), which, as written in 1996, provided that a person was guilty of robbery if, in the course of committing a theft, he:

> (i) inflicted serious bodily injury upon another;
>
> (ii) threatened another with or intentionally puts him in fear of immediate serious bodily injury;

4

(iii) committed or threatened immediately to commit any felony of the first or second degree;

(iv) inflicted bodily injury upon another or threatened another with or intentionally puts him in fear of immediate bodily injury; or

(v) physically took or removed property from the person of another by force however slight.

18 Pa. C.S. § 3701(a)(1)(i)-(v).

Following the December 5, 2007 sentencing, Mr. McCode filed a direct appeal with the United States Court of Appeals for the Third Circuit, arguing that the facts underlying the application of the ACCA should have been determined by the jury and that the district court abused its discretion by failing to sever Count Six for trial. The Third Circuit overruled these arguments and affirmed the district court's judgment on March 20, 2009. *See U.S. v. McCode*, 317 F.App'x 207 (3d. Cir. 2009).

Thereafter, on April 9, 2009, Mr. McCode filed a motion under 28 U.S.C. § 2255. He resubmitted the § 2255 motion on an appropriate form on May 14, 2009, and then amended his submission on August 7, 2009. In his § 2255 motion, Mr. McCode argued that (i) the Government failed to prove the effect on interstate commerce required by the Hobbs Act, (ii) the 924(c) sentence should not have run consecutively, and (iii) the ACCA should not have applied where the predicate convictions were entered at the same time. Mr. McCode argued under ground three in his § 2255 motion that the "District Court erred in its application of the ACCA. And counsel was ineffective for not preparing for sentencing." (*See* Document 168 at 6, Criminal Action No. 2:06-cr-543-JCJ, (E.D. Pa. 2006)).

For additional support, Mr. McCode stated that "[t]he history of the ACCA does not support its application in this case. (See argument in support of 2255 Ground 3.)"

5

(*Id.*)(parenthesis in original.)   He challenged the district court's application of the ACCA based on his being convicted of all four armed robberies at once, and he stressed that there was no intervening period of incarceration such that the recidivist statute would apply.   The district court denied Mr. McCode's § 2255 petition on November 16, 2009, and on April 30, 2010, the Third Circuit denied a certificate of appealability.

Mr. McCode filed the instant *Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody* and accompanying *Memorandum in Support* on August 7, 2013.   He subsequently filed an *Amended Memorandum in Support of Motion Pursuant to Title 28 U.S.C. 2241* (Document 6) on October 29, 2013.   Mr. McCode argues that "[r]ecent decisions by the United States Supreme Court interpreting the ACCA invalidate the district court's finding that McCode is an armed career criminal subject to sentencing under the ACCA." (Document 26 at 5) (internal reference omitted.)   With respect to Count Six and the brandishing enhancement used by the sentencing judge, he further posits that, "[i]n light of the United States Supreme Court's decision in *Alleyne v. United States*, [133 S. Ct. 2151 (2013)] [McCode] is sentenced for an offense that he was neither charged with or [sic] found guilty of at trial by a jury." (Document 26 at 5) (internal reference omitted.)   Mr. McCode relies on these two assertions to request that the Court vacate his sentences and resentence him without applying the ACCA or brandishing enhancement.

The United States filed its *Response to Motion under 28 U.S.C. § 2241* (Document 15) on January 24, 2014.   Mr. McCode filed an *Answer to the United States' Response to Motion Pursuant to 28 U.S.C. Section 2241* (Document 18) on February 5, 2014, and submitted a *Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56(a)* (Document 19) on

6

February 18, 2014.   The United States filed its *Opposition to Petitioner's Motion for Summary Judgment* (Document 24) on April 4, 2014, and Mr. McCode filed his *Answer to the United States' Opposition to the Motion for Summary Judgment* (Document 25) on April 15, 2014.

On August 4, 2014, Magistrate Judge Eifert submitted her PF&R, wherein she recommends that this Court deny Petitioner's motion for summary judgment, dismiss his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and remove this matter from the Court's docket.   (Document 26 at 18.)   As referenced above, the Petitioner submitted his *Objections to the Magistrate's Proposed Findings and Recommendations* (Document 35) on September 23, 2014.

## II.    STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.   *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."   *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982).   When reviewing portions of the PF&R *de novo,* the Court will consider the fact that the Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction.   *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### III.    DISCUSSION

*A.  Magistrate Judge's PF&R*

The Magistrate Judge found that the Petitioner's motion should be denied on multiple grounds.   The Magistrate Judge found that the Petitioner's ACCA claim is not cognizable under 28 U.S.C. § 2241 because he previously filed his 28 U.S.C. § 2255 motion which was denied, and he was not issued a certificate of appealability from either the district court or the Third Circuit Court of Appeals.   Additionally, the Magistrate Judge concluded that the Petitioner's ACCA claim is inappropriate in a 28 U.S.C. § 2241 motion because "he simply cannot show that substantive law has changed since the filing of his direct appeal and his 28 U.S.C. § 2255 motion such that the conduct giving rise to his convictions in this case is no longer deemed criminal." (Document 26 at 7.)   Further, "McCode makes no claim that he is actually innocent of the crimes that led to his convictions; rather, he claims that changes in the law have disqualified certain prior convictions that were used to enhance his sentence under the ACCA."   (*Id.* at 7-8.)

The Magistrate Judge also pointed out that the savings clause found in 28 U.S.C. § 2255(e) "only preserves claims in which the petitioner alleges actual innocence of a conviction and not just innocence of a sentencing factor."   (*Id.* at 8) (citing *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *Darden v. Stephens*, 426 F.App'x 173, 174 (4th Cir. 2011)).   Thus, the Magistrate Judge concluded that the Petitioner's claim regarding the ACCA enhancement is not cognizable under 28 U.S.C. § 2241, and should therefore be dismissed.   Further, she found that even if the Petitioner was permitted to proceed with his *Alleyne* claim, any error in the underlying proceedings was harmless based on the facts of the AutoZone robbery as set forth in the grand jury indictment. (Document 26 at 17.)

8

B. *Objections*

The Petitioner makes several objections in his submission, some substantive and others procedural.   Because the Magistrate Judge concluded that the Petitioner was procedurally barred from pursuing his ACCA claims under 28 U.S.C. § 2241, this Court will address any objections challenging this rationale, noting that if the Petitioner cannot overcome the jurisdictional bar, it is irrelevant whether his substantive claims have merit.   To that end, the Petitioner objects to his procedural bar, noting that the United States Attorney "conceded the procedural aspect of this proceeding."   (Document 35 at 11.)   He argues that the Supreme Court "granted certiorari and remanded a case to the Fourth Circuit for further consideration in light of the position asserted by the Solicitor General[,] where he acknowledged that section 2241 was available for defendants who were sentenced above their statutory maximum."   (*Id.*) (internal quotation and citation omitted.)   The Petitioner then points out that while the granting of certiorari is not a decision on the merits, "it seems at least plausible that the law does not categorically bar raising a sentencing claim on a section 2241 petition.   Otherwise, why would the Supreme Court go through the trouble of remanding the case back to the Fourth Circuit entirely because of the Solicitor General's concession to the section 2241 issue?"   (*Id.* at 12.)

He notes that the Fourth Circuit has not specifically prohibited the use of 28 U.S.C. § 2241 in this type of situation, and points to *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014), reh'g en banc granted 578 F.App'x 218 (July 10, 2014), for support.   The Petitioner also focuses on unpersuasive dicta contained in a recently issued opinion by this Court, *Hayes v. Ziegler*, 2014 U.S. Dist. LEXIS 20949 (S.D. W.Va. 2014), to advance his contention that this Court should allow legal challenges to a sentence through 28 U.S.C. § 2241.   (Document 35 at 12-13.)   In

summation, he argues that since the Government conceded the use of § 2241 here, and because "the Fourth Circuit has not specifically prohibited the use of § 2241 in this type of situation," this Court should follow the precedent set forth in other jurisdictions and allow him to use a 28 U.S.C. § 2241 petition to challenge his sentence.   (*Id.* at 13.)

The statutory framework for post-conviction relief from federal judgments of conviction is found in Chapter 153 of Title 28 of the United States Code.   A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing post-conviction relief.   A Section 2241 petition attacks the manner in which a sentence is executed, *see* 28 U.S.C. § 2241(a), while a Section 2255 motion challenges the validity of a conviction or sentence.   *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000).   Thus, it is axiomatic that "[t]hose convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255."   *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (internal citations omitted.)

Here, it is undeniable that the thrust of the Petitioner's challenge should be borne in a Section 2255 motion.   When, however, § 2255 proves "inadequate or ineffective to test the legality of ... detention," a federal prisoner may seek a writ of habeas corpus pursuant to 28 U.S.C.A. § 2241 (West 1994).   28 U.S.C. § 2255."   *Id.*   28 U.S.C. § 2255(e), commonly known as the savings clause, provides that:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears

10

> that the remedy by motion is *inadequate or ineffective to test the
> legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied).   Relevant to the matter currently before this Court, the

"savings clause" is not triggered "merely . . . because an individual is procedurally barred from

filing a Section 2255 motion[,]" *Vial*, 115 F.3d at 1194, or "merely because an individual is unable

to obtain relief under that provision."   *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000).

The Fourth Circuit Court of Appeals has recognized that the savings clause applies only in

very limited circumstances.  A petitioner wishing to assert a challenge to the validity of his

sentence may not bring a Section 2241 petition until he or she has shown that Section 2255 is an

inadequate or ineffective remedy.   Specifically, Section 2255 is inadequate and ineffective to test

the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the
> Supreme Court established the legality of the conviction; (2)
> subsequent to the prisoner's direct appeal and first § 2255 motion,
> the substantive law changed such that the conduct of which the
> prisoner was convicted is deemed not to be criminal; and (3) the
> prisoner cannot satisfy the gatekeeping provisions of § 2255
> because the new rule is not one of constitutional law.

*In re Jone*s, 226 F.3d 328, 333-34 (4th Cir. 2000).   Particularly, "the petitioner bears the burden of

demonstrating that the Section 2255 remedy is inadequate or ineffective."   *Boynes v. Berkebile*,

2012 WL 1569563 *6 (S.D.W. Va. 2012) (citing *Hood v. United States,* 13 F.App'x 72 (4th Cir.

2001) (unpublished decision)).   "The remedy provided under Section 2255(e) opens only a

narrow door for a prisoner to challenge the validity of his conviction or sentence under Section

2241."   *Id.*

Magistrate Judge Eifert properly concluded that the Petitioner's claim does not fall within

the grace of the savings clause because he cannot satisfy the second element set forth in *Jones*.

The Magistrate Judge determined that the Petitioner cannot show "that substantive law has changed since the filing of his direct appeal and a § 2255 motion such that the conduct giving rise to his convictions in this case is <u>no longer deemed criminal</u>."   (Document 26 at 7) (emphasis added).    Put another way, the Magistrate Judge concluded that the Petitioner is only contesting the application of a sentencing factor, and not contending that the 1995 and 1996 robberies were no longer criminal, thereby rendering him "actually innocent" of the armed robberies.

In rejecting Mr. McCode's argument that the Government conceded jurisdiction, the Court notes that the Government's position with respect to the applicability of a § 2241 motion to the facts at bar is immaterial based on Fourth Circuit case law.   In *Rice v. Rivera*, 617 F.3d 802 (4th Cir. 2010), the Fourth Circuit explained that the Government at first agreed in the lower court that it possessed jurisdiction over the petitioner's § 2241 motion, but then later opposed jurisdiction in front of the appellate court.   *Rice*, 617 F.3d at 805-06.   Noting that "the Government has become somewhat of a moving target" with respect to jurisdiction, the Fourth Circuit nevertheless held that "the district court lacked jurisdiction over the [§ 2241] Habeas because Rice is unable to satisfy the second prong of the *Jones* [savings clause] rule."   *Rice*, 617 F.3d at 807.

Further, the Fourth Circuit noted in *Poole* that

> Federal courts are courts of limited jurisdiction.   *Kokkonen v. Guardian Life Ins. Co. of Am.*, 114 S.Ct. 1673, 1675 (1994).   They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.   A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper.

*Poole*, 531 F.3d at 274.   The Petitioner has failed to establish jurisdiction in the case at bar. And, as the Fourth Circuit held in *Farrow v. Revell*, "we conclude, as the district court did, that

Farrow's challenge to his armed career criminal status is not cognizable in a § 2241 petition.  *See United States v. Poole*, 531 F.3d 263, 267 (4th Cir. 2008)."   541 F.App'x 327, 327 (4th Cir. 2013).

Additionally, "[t]he Fourth Circuit has confined savings clause review to situations in which a subsequent change in law makes petitioner's conduct 'non-criminal' . . . Because Surratt contests the applicability of his mandatory minimum sentence and not the validity of his conviction, he fails to meet the jurisdictional test."  *Surratt v. U.S.*, 2014 WL 2013328 * 5 (W.D. N.C. 2014) (internal citations and references omitted).   The court in *Surratt* noted that "*Jones* is rather explicit as to why § 2241 relief is limited to those cases involving conduct no longer deemed criminal: the remedy is extraordinary and the number of circumstances in which it should apply is limited."  *Id.* at *6.

The Petitioner also challenges the Magistrate Judge's determination that he cannot meet the *Jones* factor of actual innocence, by arguing that this determination "is flawed in light of Supreme Court and Fourth Circuit case law."  (Document 35 at 6.)  However, the Petitioner's contention is expressly rebutted by the Fourth Circuit in *U.S. v. Pettiford*, 612 F.3d 270 (4th Cir. 2010).  There, after pleading guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), Mr. Pettiford received an enhanced sentence due to prior convictions that qualified him as a career criminal under the provisions of the ACCA.  *Id.* at 273. Two of his state court predicate offenses for ACCA purposes were subsequently vacated, and he sought post-conviction relief from the ACCA enhancement.  *Id.*  The district court (erroneously) granted the habeas relief and resentenced Mr. Pettiford to a lesser term of incarceration. Following the government's appeal, the Fourth Circuit reversed and remanded.

13

Rejecting Mr. Pettiford's argument that he should be entitled to relief because he is actually innocent of the ACCA enhancement due to a 2001 assault conviction no longer being considered a violent felony, the Fourth Circuit noted that

> Pettiford, by contrast, makes no suggestion whatsoever that he did not actually commit the 2001 assault.  Rather, he makes the legal argument that this conviction should not have been classified as a violent felony under the ACCA.  This argument, even after *United States v. Maybeck*, 23 F.3d 888 (4th Cir. 1994), is not cognizable as a claim of actual innocence.  See *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999) (limiting *Maybeck* to its facts and finding that actual innocence does not extend to non-factual challenges to the application of sentencing enhancements.)  . . . Under the reasoning of *Maybeck*, actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes.

*Pettiford*, 612 F.3d at 284.   The Fourth Circuit found that "Pettiford cannot demonstrate actual innocence to excuse his procedural default."   *Id.*

Therefore, the Court rejects the Petitioner's argument that jurisdiction is established over his § 2241 claim simply because the Government conceded as much, and further, declines to extend *Jones* and § 2255(e) and its "savings clause" to encompass the Petitioner's instant claims merely because "the Fourth Circuit has not specifically prohibited the use of 2241 in this type of situation."  (Document 35 at 13.)  For these reasons, the Petitioner's objections to the PF&R regarding jurisdiction are **OVERRULED**.  Consequently, because the Court does not possess jurisdiction over the Petitioner's § 2241 claims, the remaining substantive objections are **OVERRULED AS MOOT**.

The Court has additionally considered whether to grant a certificate of appealability.  *See* 28 U.S.C. § 2253(c).   A certificate will not be granted unless there is "a substantial showing of the

14

denial of a constitutional right." *Id.* § 2253(c)(2).   The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable.   *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001).   The Court concludes that the governing standard is not satisfied in this instance.   Accordingly, the Court **DENIES** a certificate of appealability.

### CONCLUSION

Wherefore, after careful consideration and based on the findings herein, the Court does hereby **ORDER** that the Magistrate Judge's *Proposed Findings and Recommendation* (Document 26) dismissing the Petitioner's *Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State of Federal Custody* be **ADOPTED**, that the *Movant's [Petitioner's] Objections to the Magistrate's Proposed Findings and Recommendations* (Document 35) be **OVERRULED**, and that the Petitioner's *Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State of Federal Custody* (Document 1) be **DISMISSED WITH PREJUDICE**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Eifert, to counsel of record, and to any unrepresented party.

ENTER:        January 26, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA